UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| JOHN WHATLEY ]<br>    Petitioner, ]<br>                      ]<br>v. ]<br>                      ]<br>WARDEN CHERRY LINDAMOOD ]<br>    Respondent. ] | No. 1:07-0019<br>Judge Trauger |

M E M O R A N D U M

The petitioner, proceeding *pro se*, is an inmate at the South Central Correctional Center in Clifton, Tennessee. He brings this action pursuant to 28 U.S.C. § 2254 against Cherry Lindamood, Warden of the facility, seeking a writ of habeas corpus.

In March, 2003, a jury in Maury County found the petitioner guilty of aggravated sexual battery. For this crime, he received a sentence of twelve (12) years in prison. Docket Entry No. 14; Addendum No. 1 at pg. 26. On direct appeal, the Tennessee Court of Criminal Appeals affirmed the conviction but, in light of Blakely v. Washington, 124 S.Ct. 2531 (2004), modified petitioner's sentence to eleven (11) years in prison. Docket Entry No. 14; Addendum No. 5. The Tennessee Supreme Court later denied the petitioner's application for further review. Docket Entry No. 14; Addendum No. 7.

A *pro se* petition for state post-conviction relief was then filed in the Criminal Court of Maury County. Docket Entry No. 14; Addendum No. 8 at pgs. 1-17. Counsel was appointed to represent the petitioner and an amended post-conviction petition was filed on the petitioner's behalf.

1

Docket Entry No. 14; Addendum No. 8 at pgs. 27-36. Following an evidentiary hearing, the trial court denied the post-conviction petition. Docket Entry No. 14; Addendum No. 8 at pgs. 37-42. On appeal, the Tennessee Court of Criminal Appeals affirmed the denial of post-conviction relief. Docket Entry No. 14; Addendum No. 12. No further review of the conviction was sought in the state courts.

On April 5, 2007, the petitioner filed the instant petition for writ of habeas corpus. Docket Entry No. 1. The petition sets forth four instances in which trial counsel was allegedly ineffective.[1] Petitioner's claims include :

> (1) counsel failed "to bring into evidence an Order" issued by a Juvenile Court judge;
>
> (2) petitioner's attorney neglected to call as witnesses Lisa Frazier (girlfriend and mother of the victim), William Whatley (brother) and Tina Whatley (sister-in-law);
>
> (3) counsel failed to preserve a conflict of interest claim for appeal; and
>
> (4) petitioner's attorney should not have "opened the door" for the introduction of prejudicial testimony regarding the victim's living conditions.[2]

Upon preliminary review of the petition, the Court determined that the petitioner had stated a colorable claim for relief. Accordingly, an order (Docket Entry No. 3) was entered directing the respondent to file an answer, plead or otherwise respond to the petition. Rule 4, Rules - - - § 2254 Cases.

---

[1] At trial, the petitioner was represented by Larry S. Patterson, a member of the Maury County Bar.

[2] The victim in this case was the petitioner's three-year-old son.

2

Presently pending before the Court is the respondent's Answer (Docket Entry No. 13), to which the petitioner has filed nothing in response. Having carefully considered the Answer and the expanded record, it appears that an evidentiary hearing is not needed in this matter. *See* Smith v. United States of America, 348 F.3d 545, 550 (6th Cir. 2003)(an evidentiary hearing is not required when the record conclusively shows that the petitioner is entitled to no relief). Therefore, the Court shall dispose of the petition as the law and justice require. Rule 8(a), Rules - - - § 2254 Cases.

A federal district court will not entertain a petition for writ of habeas corpus unless the petitioner has first exhausted all available state court remedies for each claim in his petition. Cohen v. Tate, 779 F.2d 1181, 1184 (6th Cir.1985).While exhaustion is not a jurisdictional requirement, it is a strictly enforced doctrine which promotes comity between the states and federal government by giving the state an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights. Granberry v. Greer, 107 S.Ct. 1671, 1674-1675 (1987). Thus, as a condition precedent to seeking federal habeas corpus relief, the petitioner is required to fairly present his claims to the state courts. Rose v. Lundy, 102 S.Ct. 1198, 1205 (1982). Once his federal claims have been raised in the highest state court available, the exhaustion requirement is satisfied, even if that court refused to consider the claims. Manning v. Alexander, 912 F.2d 878, 883 (6th Cir. 1990).[3]

A review of the record shows that two of the petitioner's claims, i.e., Claim Nos. 1 and 2, were never offered to the state courts for consideration.[4] Docket Entry No. 14; Addenda Nos. 3 and

---

[3] In Tennessee, a petitioner need only take his claims to the Tennessee Court of Criminal Appeals in order to fully exhaust his available state court remedies. Rule 39, Tenn. Sup. Ct. Rules; Adams v. Holland, 324 F.3d 838 (6th Cir. 2003).

[4] With respect to the petitioner's Claim No. 2, he did allege in the state courts that counsel had been ineffective for failing to call Flossie Richards as a witness. Docket Entry No. 14; Addendum No. 10 at pg. 12. He did not, however, allege any deficiency on the part of

3

10. Unfortunately, at this late date, state court remedies for these claims are no longer available. *See* Tenn. Code Ann. § 40-30-202(a). Thus, by way of procedural default, the petitioner has technically satisfied the exhaustion requirement. Alley v. Bell, 307 F.3d 380, 385 (6th Cir. 2002)(if an unexhausted claim would be procedurally barred under state law, that claim is procedurally defaulted for purposes of federal habeas corpus review).

Nevertheless, to prevent a federal habeas corpus petitioner from circumventing the exhaustion requirement in such a manner, the Supreme Court has held that a petitioner who fails to comply with state rules of procedure governing the timely presentation of federal constitutional issues forfeits the right to federal review of those issues, absent cause for the noncompliance and some showing of actual prejudice resulting from the alleged constitutional violations. Wainwright v. Sykes, 97 S.Ct. 2497, 2505 (1977); Engle v. Isaac, 102 S.Ct. 1558, 1573 (1982).

The petitioner has shown neither cause for his failure to properly exhaust these claims nor any prejudice arising from them. Therefore, his procedural default of these claims is unexcused and will not support an award of habeas corpus relief.

The petitioner's remaining claims, i.e., counsel's failure to preserve a conflict of interest issue for appeal (Claim No. 3) and counsel's "opening of the door" for prejudicial testimony (Claim No. 4) were fully litigated in the state courts during post-conviction proceedings and were found to be lacking in merit. When a claim has been adjudicated on the merits in state court, the state court adjudication will not be disturbed unless it resulted in a decision contrary to clearly established federal law or involved an unreasonable application of federal law in light of the evidence. 28 U.S.C.

---

counsel for not calling Lisa Frazier and the Whatleys as witnesses. *See* Jones v.Hess, 681 F.2d 688, 694 (10th Cir. 1982)(where the factual basis for a claim has never been presented to the state courts, that claim is unexhausted).

4

§ 2254(d); Nevers v. Killinger, 169 F.3d 352, 357 (6th Cir.1999). In order for a state adjudication to run "contrary to" clearly established federal law, the state court must arrive at a conclusion opposite to that reached by the United States Supreme Court on a question of law or decide a case differently than the United States Supreme Court on a set of materially indistinguishable facts. To grant the writ for an "unreasonable application" of federal law, the petitioner must show that the state court identified the correct governing legal principle involved but unreasonably applied that principle to the facts of the case. Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000). In short, state court judgments must be upheld unless, after an examination of the state court judgment, the Court is firmly convinced that a federal constitutional right has been violated. Id., at 120 S.Ct. 1511.

The petitioner's remaining claims question the effectiveness of trial counsel. The Sixth Amendment provides that a criminal defendant is entitled to the effective assistance of counsel. McMann v. Richardson, 90 S.Ct. 1441, 1449, n. 14 (1970). To establish a violation of this right, the petitioner bears the burden of pleading and proving that his attorney's performance was in some way deficient and that the defense was prejudiced as a result of the deficiency. Strickland v. Washington, 104 S.Ct. 2052 (1984). To demonstrate a deficiency in representation, the petitioner must show that his attorney failed to act within "an objective standard of reasonableness". Id, at 104 S.Ct. 2052. Prejudice is established by showing that counsel's error was so egregious as to render the result of the trial unreliable or the proceeding fundamentally unfair. Lockhart v. Fretwell, 113 S.Ct. 838, 842 (1993).

The prosecutor in this case had previously worked for the Office of Public Defender at a time when that Office was representing Lisa Frazier (girlfriend and mother of the victim) in a collateral matter. The petitioner alleges that counsel was ineffective for failing to preserve what he sees as a

5

conflict of interest on the part of the prosecutor as an issue for appeal.

On post-conviction appeal, the Tennessee Court of Criminal Appeals addressed this claim with the following observations

> ......... The two criminal cases were separate in time and nature, and there is nothing in the record before us which suggests that at the time of the public defender's representation of Lisa Frazier that criminal charges against the Appellant for child rape were contemplated. Moreover, the record fails to establish that the assistant public defender, now prosecutor, ever acquired confidential information from Lisa Frazier, which could have been or was used in the prosecution of the Appellant. Finally, we would note that any prosecutor within the District Attorney General's office would have been privy to any information developed by the Department of Children's Services investigation. As such, no actual conflict of interest was created which required disqualification of the former assistant public defender, now prosecutor. Accordingly, no deficient performance resulted from trial counsel's failure to preserve the conflict of interest issue in the direct appeal of his conviction.

Docket Entry No. 14; Addendum No. 12 at pg. 10.

The state courts applied the holding of Strickland, supra, to this claim and found that counsel had, under the circumstances, acted reasonably and in a manner that did not prejudice the defense. The record supports these findings. Therefore, it does not appear that counsel was ineffective for failing to preserve a conflict of interest issue for appeal.

Prior to trial, the court ruled that evidence of the victim's living conditions would not be admissible unless such evidence later became relevant. The victim was ten years old when he testified against the petitioner. Defense counsel attempted to discredit his memory and testimony

6

with questions about the mobile home where the victim and the petitioner had lived. Following a jury-out hearing, the court ruled that the defense attorney's questioning had made testimony about the victim's living conditions relevant. The petitioner's final claim alleges that his attorney was ineffective for "opening the door" to the introduction of prejudicial testimony concerning the victim's living conditions.[5]

At the post-conviction evidentiary hearing, counsel testified that his defense strategy was to attack the credibility and memory of the young victim. Docket Entry No. 14; Addendum No. 9 at pg. 27. His cross examination of the victim about the mobile home where he had lived, therefore, was a tactical decision designed to show the jury that the victim's memory and credibility were flawed. Id., at pgs. 45-46. The state courts found that this tactical decision by counsel was reasonable under the circumstances. Tactical decisions, when reasonably founded, will not support a claim of ineffective assistance. McQueen v. Scroggy, 99 F.3d 1302, 1311 (6th Cir. 1996). It appears from the record that counsel's questioning of the victim was based upon a well reasoned strategy that simply did not yield the desired results. Counsel's actions in this instance, therefore, did not rise to the level of a Sixth Amendment violation.

The petitioner has offered no clear and convincing evidence to rebut the presumption of correctness that must be accorded the factual findings made by the state courts. 28 U.S.C. §

---

[5] From the evidence adduced at trial, the Tennessee Court of Criminal Appeals summarized the victim's living conditions by noting that the victim lived with the petitioner in a mobile home. He shared a bedroom with his brother. The children were not allowed out of the bedroom to eat or use the toilet. There was no toilet in the bedroom, forcing them to urinate and defecate on "anything that we could". There were no beds in the bedroom. The bedroom had a window that had been covered with duct tape. Thus, the children had no exposure to sunlight. When the victim was eventually rescued by a worker from the Department of Children's Services, he was scantily clad and appeared to be malnourished. Docket Entry No. 14; Addendum No. 5 at pg. 2.

7

2254(e)(1). Nor has the petitioner demonstrated in what way the legal analysis of the state courts runs contrary to federal law. Accordingly, this Court finds that the state court adjudication of petitioner's fully exhausted claims was neither contrary to nor an unreasonable application of federal law. Consequently, petitioner's remaining claims have no merit.

An appropriate order will be entered.

*[signature]*

Aleta A. Trauger
United States District Judge